

DA 10-0534

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 137N

VICTOR C. FOURSTAR, Jr.,

      Plaintiff and Appellant,

  v.

MARY L. ZEMYAN,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Fifteenth Judicial District,
                     In and For the County of Roosevelt, Cause No. DV-09-53
                     Honorable David Cybulski, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

            Victor C. Fourstar, Jr. (Self-Represented), Waymart, Pennsylvania

      For Appellee:

            Mary L. Zemyan (Self-Represented), Wolf Point, Montana


                      Submitted on Briefs:  May 3, 2011

                               Decided:  June 14, 2011


Filed:

                    _____
                                Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court's 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited and does not serve as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Victor Fourstar appeals an Order of the District Court for the Fifteenth Judicial District, Roosevelt County, granting Mary Zemyan's motion to dismiss Fourstar's action against her for lack of jurisdiction. We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

## Factual and Procedural Background

¶3 In June 2009, Fourstar filed a handwritten *pro se* Complaint against Zemyan, Fourstar's former attorney, but the District Court rejected the Complaint and other motions filed by Fourstar for failure to comply with the District Court's procedural rules on typing and spacing. On March 22, 2010, Fourstar filed a 45-page typewritten *pro se* Complaint alleging, among other things, that Zemyan committed legal malpractice and constructive fraud in her representation of Fourstar, and that Zemyan breached her fiduciary duty to Fourstar.

¶4 Fourstar had hired Zemyan to represent him in several cases including a malpractice case Fourstar had filed against his federal defenders in a criminal action, a civil rights complaint against a former tribal criminal investigator, and a federal habeas

2

corpus claim. Fourstar alleged in his Complaint that Zemyan missed various filing deadlines, withheld files from Fourstar, colluded with Fourstar's adversaries in one proceeding, and overcharged him for her legal representation. He further alleged that Zemyan's negligence resulted in the dismissal of his claims. Along with his demands for compensatory and punitive damages, Fourstar asked the District Court to compel the Office of Disciplinary Counsel (ODC) and the Commission on Practice (COP) to suspend Zemyan's license to practice law.

¶5 Zemyan filed a Motion to Dismiss for Lack of Jurisdiction on May 10, 2010, alleging that Fourstar filed his Complaint because he did not receive a favorable response from the ODC regarding the ethics complaint Fourstar filed against Zemyan in January 2009. Zemyan points out in her motion that the District Court lacks subject matter jurisdiction over this case because this Court possesses exclusive jurisdiction in all matters involving the conduct and disciplining of all persons practicing law in Montana.

¶6 In its September 29, 2010 Order consisting of only two sentences, the District Court granted Zemyan's motion, dismissed this case with prejudice, and sealed the entire file. Fourstar now appeals the District Court's Order.

**Discussion**

¶7 Whether a court has subject matter jurisdiction is a question of law which we review for correctness. *Billings Gazette v. State of Montana*, 2008 MT 287, ¶ 6, 345 Mont. 385, 190 P.3d 1126 (citing *Boe v. Court Adm'r for the Mont. Judicial Branch*, 2007 MT 7, ¶ 5, 335 Mont. 228, 150 P.3d 927). As we noted in *Billings Gazette*, the preamble to the Montana Rules for Lawyer Disciplinary Enforcement (RLDE)

3

unequivocally states that this Court possesses original and exclusive jurisdiction and responsibility under Article VII, Section 2(3), of the Montana Constitution and the provisions of Title 37, chapter 61, Montana Code Annotated, in addition to its inherent jurisdiction, in all matters involving the conduct and disciplining of persons admitted to practice law in Montana. *Billings Gazette*, ¶ 9.

¶8    In *Billings Gazette*, after an attorney admitted to violating various rules of professional conduct, she was publicly censured by this Court. However, under the RLDE, the actions which constituted conduct violations remained confidential. The Gazette sought to obtain a copy of the disciplinary file, but the ODC and the COP refused to provide it citing the confidentiality requirements for lawyer disciplinary proceedings before the ODC and the COP. The Gazette filed suit in the First Judicial District Court, Lewis and Clark County. The District Court determined that it did not have the authority to order the ODC or the COP to release documents that are protected by the rules promulgated by this Court under its constitutional authority, thus the court dismissed the Gazette's petition on the ground that it lacked subject matter jurisdiction. *Billings Gazette*, ¶¶ 1-5. On appeal, we affirmed noting that " 'no Montana district judge has jurisdiction to sit in the judgment of the Supreme Court of Montana.' " *Billings Gazette*, ¶ 10 (citing *Boe*, ¶ 11; *Goetz v. Harrison*, 153 Mont. 403, 457 P.2d 911 (1969)).

¶9    Similarly, in the case *sub judice*, we hold that the District Court was correct in concluding that it does not have the authority to compel the ODC or the COP to take action of any kind. Thus, we affirm the District Court on this issue. However, we further hold that the District Court does have jurisdiction over the legal malpractice claims that

4

Fourstar raised in his Complaint. Thus, the court was incorrect in dismissing Fourstar's entire action against Zemyan without at least considering Fourstar's Complaint and filing appropriate findings of fact and conclusions of law as to the malpractice claims.

¶10 This Court has on many occasions stated that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Sinclair v. Burlington Northern & Santa Fe Ry.,* 2008 MT 424, ¶ 25, 347 Mont. 395, 200 P.3d 46 (citing M. R. Civ. P. 12(b)(6); *Reidelbach v. Burlington Northern & Santa Fe Ry.,* 2002 MT 289, ¶ 14, 312 Mont. 498, 60 P.3d 418). Moreover, when considering a motion to dismiss under M. R. Civ. P. 12(b)(6), all well-pleaded allegations and facts in the complaint are admitted and taken as true, and the complaint is construed in a light most favorable to the plaintiff. *Sinclair,* ¶ 25; *see also Western Security Bank v. Eide Bailly LLP,* 2010 MT 291, ¶ 55, 359 Mont. 34, 249 P.3d 35.

¶11 Based on the foregoing, we hold that the District Court erred in dismissing Fourstar's Complaint insofar as the Complaint alleged professional negligence against Zemyan. Accordingly, we reverse the District Court's order of dismissal to that extent and we remand this case to the District Court with instructions that the court carefully review Fourstar's Complaint and that it conduct such further proceedings as are necessary to resolve Fourstar's claims of professional negligence against Zemyan. Any such resolution shall include the entry of appropriate findings of fact and conclusions of law.

¶12 Affirmed in part, reversed in part and remanded for further proceedings consistent with this Opinion.

5

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS